15 CV 02543

JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DURWIN MERCER,

        Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. SAMUEL
CASTRO Shield No. 4594 of the Auto Crime
Division.

        Defendants.

------------------------------------------------------------------- x

COMPLAINT


RECEIVED APR 02 2015 U.S.D.C. S.D.N.Y. CASHIERS

The plaintiff, complaining of the defendants, by his attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of New York, and the County of New York.

7. Upon information and belief, plaintiff is of African American ethnicity.

8. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10. At all times hereinafter mentioned, the individual defendants, DET. SAMUEL CASTRO Shield No. 4594 of the Auto Crime Division (hereinafter referred to as CASTRO), was a duly sworn police officer of said police department and was acting under the supervision of said police department and according to his official duties.

11. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of defendant CASTRO alleged herein were done by said defendant while acting within the scope of his employment by defendant NYC.

13. Each and all of the acts of the defendants, alleged herein were done by said defendants while acting in furtherance of their employment by defendant NYC.

## FACTS

14. Upon information and belief, on or about July 18, 2013 at approximately 1:00pm plaintiff was arrested by defendant CASTRO.

15. Upon information and belief, Plaintiff's former girlfriend, Patricia Solomon, rented a Nissan Maxima from Enterprise Rental Company prior to June 14, 2013.

16. Upon information and belief, on June 14, 2013 Ms. Solomon parked the aforementioned Nissan Maxima near 215 West 147th Street, in New York County, State of New York.

17. Upon information and belief, on June 15, 2013 Ms. Solomon and the plaintiff found that the aforementioned Nissan Maxima was no longer where it was last parked.

18. Upon information and belief, on or about June 17, 2013 Ms. Solomon went to the local New York City Police precinct and filed a police report to formally report the vehicle stolen.

19. Upon information and belief, the aforementioned Nissan Maxima was involved in a hit and run accident around 5:20am on June 15, 2013.

20. Upon information and belief, plaintiff had no interaction with the aforementioned Nissan Maxima whatsoever after it was last observed in a locked and secure condition on June 14, 2013.

21. Upon information and belief, defendant CASTRO arrested plaintiff on July 18, 2013 and accused plaintiff of Criminal Mischief in the Third Degree, Unauthorized Use of a Vehicle in the Third Degree, and Leaving the Scene of an Accident without Reporting in connection with the above-described June 15, 2013 hit and run accident.

22. Upon information and belief, defendant CASTRO lacked any information to rise to the level of reasonable suspicion or probable cause that the plaintiff was involved in the aforementioned crimes.

23. Upon information and belief, defendant CASTRO did intentionally and falsely complete a sworn statement stating that plaintiff admitted that he was involved in the above-described hit and run accident.

24. Upon information and belief, plaintiff never made any admissions regarding the above-described hit and run accident.

25. Upon information and belief, plaintiff was incarcerated from his time of arrest at 1:00pm on July 18, 2013 until he was bailed out and released at about 8:00pm on July 22, 2013 for a total of approximately four days and seven hours.

26. Upon information and belief, the underlying criminal case was resolved in plaintiff's favor on November 12, 2013, when the case was dismissed and sealed for the government's failure to give the plaintiff a speedy trial.

27. Upon information and belief, plaintiff was required to appear in New York County Criminal Court on numerous occasions for nearly four months before the underlying criminal case was dismissed.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

34. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with malice and discriminatory intent based on plaintiff's national origin and ethnic background and physical appearance.

35. Upon information and belief, as a result of defendants' conduct in violation of the protections under the United States Constitution, plaintiff was caused to suffer prolonged incarceration, as well as considerable pain and suffering, mental anguish, and anxiety.

36. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

38. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin, ethnic background and physical appearance.

41. Upon information and belief, as a result of defendants' conduct in violation of the protections under the United States Constitution, plaintiff was caused to suffer prolonged incarceration, as well as considerable pain and suffering, mental anguish, and anxiety.

42. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

52. Defendants acted with malice in continuing criminal proceedings against plaintiff.

53. Defendant misrepresented and falsified evidence throughout all phases of the criminal proceeding.

54. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about November 12, 2013.

55. Upon information and belief, as a result of defendants' conduct in violation of the protections under the United States Constitution, plaintiff was caused to suffer prolonged incarceration, as well as considerable pain and suffering, mental anguish, and anxiety.

56. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

Dated: New York, New York
      April 1, 2015

Very truly yours,

THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By: _____

Michael Fineman, Esq. (MF0282)
Attorney for Plaintiff,
DURWIN MERCER,
225 Broadway, Suite 3604
New York, New York 10007
Tel: (212) 233-4500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DURWIN MERCER,

    Plaintiff,

        -against-                                    **COMPLAINT**

THE CITY OF NEW YORK, DET. SAMUEL
CASTRO Shield No. 4594 of the Auto Crime
Division.

    Defendants.

------------------------------------------------------------------- x

### SUMMONS AND COMPLAINT

        THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

            Michael Fineman, Esq. (MF0282)
            Attorney for Plaintiff,
            DURWIN MERCER,
            225 Broadway, Suite 3604
            New York, New York 10007
            Tel: (212) 233-4500
            Fax: (212) 233-4501